Mr. Justice Wylie
delivered the opinion of the court:
The object of the bill in this case is, that the defendant maybe enjoined from collecting a judgment obtained by him against the complainant in 1858 for the sum of $375, with costs. Execution was duly issued upon the judgment within the year and day, and other executions were regularly issued from time to time, and all returned nulla bona, until 1875, in which year a scire facias was issued and judgment rendered against the defendant; so that the judgment remains now in full force.
In 1857 defendant had obtained a judgment against the *188 firm of Rider & White, of which firm complainaut was then a member. This judgment was for $254, and was collected from White by execution in 1859.
Complainant now asserts that the proceeds of this judgment ought to have been credited upon the judgment against himself which was rendered in 1858.
The records of these two cases show respectively that the causes of action were different, and that Rider & White were the defendants in the first case, and Rider alone was defendant in the second. After the judgment was obtained in the first case against the firm, the second action was brought for a different cause against Rider alone, and he made no pretense at the time, nor at any time afterwards until recently, that satisfaction of the earlier judgment would entitle him to a credit ou the second. His own testimony on the subject is most confused and unsatisfactory, and is squarely confuted by that of the defendant. The record is against him as well as all the probabilities, and his own laches is unaccountable, if his statement in this case be true. His conduct, as a reasonable man, during this long period, is irreconcilable with the truth of his present statement, and he mistakes the creations of fancy for facts in his memory.
The bill further states that in the year 1863 defendant obtained another judgment against complainant for $390.90, which was collected from him under execution; and this, also, he claims that he is entitled to have credited upon the judgment of 1858.
But this claim on his part is wholly without support in either the evidence or the record. Had the cause of action in this last case been the same as that contained in the action of 1858, it was his duty to himself to make the defense at the proper time. The récord shows that the causes of action in the cases were different respectively. Admitting these petitions of complainant, however, to be true in point of fact, he is now seeking relief in the wrong forum. On the very day on which the execution under the judgment of 1864 was issued, a writ of scire facias was issued to revive the other *189 judgment — that of 1858, the judgment now in question. He paid the judgment of 1864; that of 1857 had been previously paid by his partner, White. He claims that both of these payments ought to have been credited on the judgment of 1858 as payments. If that was so, it would have been a complete defense for him against the scire facias at law. But he set up no such defense in that case, and judgment was rendered against him by default.
Were the claims set up by this complainant sustained by evidence much more weighty than that in the pres'ent record, it would be impossible that a court of equity should afford him the relief he seeks. These considerations dispose of the case.
A number of other incidental and minor questions were ar’gued which could not affect the result, and which, for that reason, are passed over without further observation.
Decree affirmed.